```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :         CRIMINAL
                             :
          v.                 :
                             :
JONATHAN BERBERENA           :         NO. 09-95
```

MEMORANDUM

Dalzell, J.                                          July 28, 2009

Defendant Jonathan Berberena petitions us to order the Government to offer him a plea agreement.  Berberena does so on the theory that the Government's decision to withdraw an earlier agreement -- after his successful motion to dismiss the charges against him -- was presumptively vindictive and thus violated his due process rights.

## I.   Factual Background

On October 21, 2002, Berberena pled guilty to an Information alleging conspiracy and drug distribution charges. On May 1, 2003, he was sentenced to 384 months' incarceration.

On August 1, 2005, Berberena filed a pro se petition pursuant to 28 U.S.C. § 2255 claiming that his attorney was ineffective because of a conflict of interest.  On August 16, 2007, Judge Baylson granted Berberena's petition, vacated his sentence, and permitted Berberena to withdraw his guilty plea. United States v. Berberena, 2007 WL 2345282, at *10 (E.D. Pa.

Aug. 16, 2007).  After Judge Baylson's ruling, the Speedy Trial Act obliged the Government to indict and try Berberena by October 25, 2007.  18 U.S.C. § 3161(c)(1), (d)(1).

From October 17, 2007 until December 20, 2007, the Government and Berberena discussed a possible guilty plea, and it seemed as if they had reached an agreement.  The Government had offered Berberena a fifteen year jail term to run concurrently with a state sentence he was serving in exchange for his plea of guilty.  But the Government never sent a copy of the agreement to defense counsel, and after December 20, 2007 the Government had no more contact with Berberena's lawyer.

On April 17, 2008 -- 176 days after the Speedy Trial Act deadline had passed -- Berberena filed a motion to dismiss the charges with prejudice.  On August 28, 2008, Judge Baylson granted the motion <u>without</u> prejudice because he found that the relevant factors weighed against dismissal with prejudice.  <u>United States v. Berberena</u>, 2008 WL 4083198, at *3-6 (E.D. Pa. Aug. 28, 2008).

On February 18, 2009, a Grand Jury indicted Berberena on the same charges alleged in the 2002 Information.  After his indictment, Berberena asked the Government whether the earlier offer of fifteen years' incarceration was still available.  The

2

Government said no.

On May 11, 2009, Berberena moved to dismiss the new Indictment.  We denied most of his motion in our June 18, 2009 Order.

In his motion, Berberena petitioned us to order the Government to honor the original plea agreement that offered fifteen years' incarceration that was to run concurrently with his state sentence.  As the Government did not specifically respond to this petition, we ordered it to do so, and permitted Berberena to reply.  We now resolve the remainder of Berberena's May 11, 2009 motion.

## II.  Analysis

Berberena argues that we ought to hold the Government to its earlier plea agreement because it withdrew the agreement after Berberena's successful motion to dismiss, and this "raised a presumption of vindictive prosecution...because the prosecutor has never offered a legitimate, objective reason for withdrawing the 'C' plea," i.e., a plea agreement pursuant Fed. R. Crim. P. 11(c)(1)(C).  Def.'s Mem. in Supp. of C Plea at 2.

Vindictive prosecutions violate due process. Blackledge v. Perry, 417 U.S. 21, 27 (1974).  "[F]or an agent of the State

to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional." Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) (internal quotations omitted).

"[I]n certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to 'presume' an improper vindictive motive." United States v. Goodwin, 457 U.S. 368, 373 (1982). The presumption's purpose is to prevent the sovereign from "retaliating against the accused for lawfully attacking his conviction." Bordenkircher, 434 U.S. at 363. But "[s]ince a presumption may produce harsh results for which society ultimately bears the burden, courts must be cautious in adopting it." United States v. Esposito, 968 F.2d 300, 303 (3d Cir. 1992) (citing Alabama v. Smith, 490 U.S. 794, 797-801 (1989)). Because the presumption, once applied, applies broadly, we limit it to cases where there is "a realistic likelihood of vindictiveness." Blackledge, 417 U.S. at 27 (internal quotations omitted).

When prosecutors increase the severity of charges after the defendant exercised "a procedural right that caused a complete retrial after he had been once tried and convicted," the presumption comes into play. Goodwin, 457 U.S. at 376. The

4

presumption applies in such circumstances to protect the defendant from the "institutional bias inherent in the judicial system against the retrial of issues that have already been decided." Id.

But plea bargaining differs from other criminal procedural contexts because "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Bordenkircher, 434 U.S. at 363. "Perhaps most importantly, the institutional bias against the retrial of a decided question...simply has no counterpart" in the pretrial plea bargaining context. Goodwin, 457 U.S. at 383.

If the presumption of vindictiveness applies in a particular context, then the Government "has an opportunity to proffer legitimate, objective reasons for its conduct...[and if] the government's conduct is attributable to legitimate reasons, we will not apply a presumption of vindictiveness" to that particular case. United States v. Paramo, 998 F.2d 1220 (3d Cir. 1993) (internal citations omitted); United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982) (Kennedy, J.).

Regardless of whether the presumption of vindictiveness applies, a prosecutor's actual vindictiveness will always result

in a due process violation.  Goodwin, 457 U.S. at 384.

### A. Does the Presumption of Vindictiveness Apply Here?

We should only apply the presumption of vindictiveness where there is "a realistic likelihood of vindictiveness." Blackledge, 417 U.S. at 27.  The odd procedural posture here creates a tension between the rule that a prosecutor cannot increase the severity of the punishment after that defendant appeals, and the holding that prosecutors are permitted to do such things in the context of pretrial plea bargaining.  Goodwin, 457 U.S. at 376, 383.

We here have a defendant who has exercised his procedural rights not once but twice, and successfully undermined both his original conviction and the underlying charges.  Because the Government has been forced repeatedly to use resources to secure Berberena's convictions, the "institutional bias" against addressing "issues that have already been decided" exists here. Id. at 383.

But Berberena does not complain about the Government's behavior after he successfully overturned his initial conviction. The Government, in fact, offered him a more lenient sentence than the one he received under his original plea agreement.  The

Government's decision to <u>indict</u> Berberena after he won dismissal of the charges cannot be presumptively vindictive.  <u>See</u> <u>United States v. Esposito</u>, 968 F.2d 300, 306 (3d Cir. 1992) ("We will not apply a presumption of vindictiveness to a subsequent criminal case where the basis for that case is justified by the evidence and does not put the defendant twice in jeopardy").  Instead, Berberena only complains that the prosecutor acted vindictively in the course of pretrial plea bargaining after the exercise of Berberena's speedy trial rights resulted in a dismissal of the charges.  Thus, Berberena's successful collateral attack of his original conviction should play no part in our analysis.  The context we are concerned with is pretrial plea bargaining after a successful motion to dismiss the charges.

      Berberena here contends that the prosecutor's decision to withdraw the plea agreement was a vindictive act.[1]  But the facts do not warrant the characterization of the prosecutor's action as a withdrawal of the agreement.  Put simply, Berberena

---

[1] We note that "a plea agreement is neither binding nor enforceable until it is accepted in open court."  <u>United States v. Gonzalez</u>, 918 F.2d 1129, 1133 (3d Cir. 1990).  The Government, usually, is permitted to withdraw or demand modification of the terms of a plea agreement before it is accepted in open court unless the defendant has detrimentally relied on the originally-offered agreement.  <u>Id.</u> at 1133-34; <u>Government of the Virgin Islands v. Scotland</u>, 614 F.2d 360, 365 (3d Cir. 1980).

rejected it.

Rejection of a plea agreement need not be a formal or even oral act.  Under Pennsylvania law, rejection occurs when "the offeror is justified in inferring from the words or conduct of the offeree that the offeree intends not to accept the offer." Yaros v. Trustees of the University of Pennsylvania, 742 A.2d 1118, 1123 (Pa. Super. Ct. 1999).[2]  Suppose a plaintiff in a civil action makes a settlement offer to the defendant and the defendant, rather than responding to the offer, files a motion to dismiss.  If the motion is denied, the defendant cannot expect to hold the plaintiff to his original settlement offer because the defendant's filing of the motion constituted a rejection of that offer.  See Smaligo v. Fireman's Fund Ins. Co., 247 A.2d 577, 580 (Pa. 1968) (holding that plaintiff rejected settlement offer by filing for arbitration).  Here, the prosecutor is in the same position as our hypothetical plaintiff, and is perfectly justified in inferring that Berberena rejected the plea agreement when he filed a motion to dismiss the 2009 Indictment with prejudice.

---

[2] We apply contract principles to analyze issues related to plea agreements.  United States v. Moscahlaidis, 868 F.2d 1357, 1361 (3d Cir. 1989).

Thus, the precise question before us is whether -- after the defendant succeeded in dismissing the charges without prejudice and the prosecutor re-indicts him on the same charges -- there is a realistic likelihood of vindictiveness when the prosecutor refuses to offer the same plea agreement that it once offered the defendant before the original charges were dismissed.

The presumption of vindictiveness typically applies to a prosecutor's <u>charging</u> decisions after a defendant exercises a procedural right.  <u>Blackledge</u>, 417 U.S. at 27; <u>see also</u> <u>United States v. Groves</u>, 571 F.2d 450, 453-54 (9th Cir. 1978).  The parties have not cited, and we have not found, any case in which a court has applied <u>Blackledge</u> to a pretrial context where the defendant attacks something other than a charging decision.[3]  The prosecutor here filed no new or more severe charges, and the

---

[3] Our Court of Appeals, expanding upon <u>Wade v. United States</u>, 504 U.S. 181 (1992) (holding that the district court has the power to review a prosecutor's discretionary decision not to file a substantial assistance motion to determine if the prosecutor had an unconstitutional motive), applied a version of the presumption of vindictiveness, known as the appearance of vindictiveness standard, to a prosecutor's refusal to file a substantial assistance motion.  <u>Paramo</u>, 998 F.2d at 1220; <u>see also</u> <u>Gallegos-Curiel</u>, 681 F.2d at 1168-70 (discussing appearance of vindictiveness standard).  Neither <u>Paramo</u> nor <u>Wade</u> involve alleged vindictiveness at the pretrial stage.  We believe these cases ought to be limited to their context, and thus are inapposite here.  We shall consider <u>Paramo</u> in greater detail in the following section.

defendant does not assert that the indictment itself is vindictive.  Therefore, <u>Blackledge</u> is distinguishable from Berberena's case.

Nor does the novel procedural posture in this case warrant an extension of <u>Blackledge</u>.  <u>Goodwin</u> noted that at the pretrial stage defendants

> routinely file pretrial motions to suppress evidence; to challenge the sufficiency and form of an indictment; to plead an affirmative defense; to request psychiatric services; to obtain access to government files; to be tried by jury. It is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter.

457 U.S. at 381.  Thus, a prosecutor's decisions and responses after a defendant exercises his pretrial procedural rights usually do not present a realistic likelihood of vindictiveness. Speedy trial rights fall into the category of pretrial procedural rights, and therefore it would be inappropriate to presume that a prosecutor will respond vindictively to a defendant's mine-run exercise of such rights.

But Berberena's situation differs.  We are not examining the prosecutor's response to the defendant's decision to exercise his speedy trial rights, but the prosecutor's response to the defendant <u>succeeding</u> in enforcing those rights.

10

Because the subsequent dismissal was without prejudice, the Government gets a second bite at the apple -- a bite that it could (presumably) use to retaliate against Berberena.  Under these unusual circumstances, the characterization of the right Berberena exercised as a pretrial procedural right does not end our inquiry.

But applying the presumption in this context would yield absurd results.  The presumption of vindictiveness does not apply when a prosecutor obtains a new indictment after the dismissal of the initial indictment (or, as here, information) even if the new indictment contains new charges.  See Esposito, 968 F.2d at 306 (holding that the presumption of vindictiveness did not apply when the prosecutor obtained a new indictment containing charges that could have been brought in the first indictment a fter a jury had acquitted the defendant on first indictment's charges); United States v. Rodgers, 18 F.3d 1425, 1431 (8th Cir. 1994) (holding that the presumption did not apply when the prosecutor considered the outcome of prior criminal prosecutions when deciding whether to bring additional charges).  If we applied the presumption to cases like Berberena's, then a prosecutor could seek more severe charges after dismissal of the original charges without prejudice, but could not bring the same

charges and make the terms of a later plea agreement harsher. After dismissal of an initial indictment or information, under Esposito a prosecutor could then seek new charges against a defendant, and thereby make any prior plea agreement meaningless. But if the prosecutor limited himself to precisely the same charges as in the first indictment, we would on Berberena's theory presume vindictiveness and oblige the prosecutor to offer the most lenient prior plea agreement to the defendant. Such a rule would create perverse incentives, confuse prosecutors, and likely waste resources. All this counsels against applying the presumption here. We will therefore not apply the presumption of vindictiveness to this context.

### B. Does the Presumption of Vindictiveness Apply to this Defendant?

Even assuming the presumption of vindictiveness applied to Berberena's case, it would not apply to his particular facts. As a threshold matter, the presumption of vindictiveness only applies to prosecutors who, after exercise of a legal right, decide to move the statutory goal posts, i.e., take action that increases the severity of the possible punishment. See United States v. Osif, 789 F.2d 1404, 1405 (9th Cir. 1986). Berberena cannot make such a showing.

Berberena contends that the Government has increased the severity of his punishment by subjecting him to a potentially higher sentence than was offered him in the plea agreement he rejected.  He analogizes his situation to that of the respondent in Blackledge v. Perry where, after the respondent had filed his notice of appeal from a misdemeanor conviction in a state's inferior court but before the trial de novo in the superior court, the prosecutor obtained a felony indictment for the same conduct he had originally charged the respondent as a misdemeanor.  417 U.S. at 23.  The Supreme Court held that the presumption of vindictiveness applied because "the prosecutor has the means readily at hand to discourage such appeals-by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy."  Id. at 27-28.  Berberena contends that the Government's failure to re-offer him the earlier plea agreement constitutes "upping the ante."

Neither the Supreme Court nor our Court of Appeals has considered whether the presumption of vindictiveness applies when, after a successful appeal, a prosecutor does not offer the plea agreement that the parties negotiated during the original plea bargaining stage.  But the Ninth Circuit did in Osif, 789

13

F.2d at 1405.

In Osif, the Government offered the defendant a plea agreement with a ten year sentence that the defendant rejected. 789 F.2d at 1404. The defendant was subsequently convicted of first degree murder, but his conviction was overturned. Id. Prior to retrial, the Government offered the defendant a plea agreement with a fifteen-year sentence. Id. The defendant accepted and then appealed, claiming that due process obliged the Government to offer him the ten year sentence again. Id.

The Ninth Circuit held that the presumption of vindictiveness did not apply to this defendant because the presumption "does not apply when neither the charge's severity nor the sentence is increased." Id. at 1405 (citing United States v. Brooklier, 685 F.2d 1208, 1215 (9th Cir. 1982), cert. denied, 459 U.S. 1206 (1983); Gallegos-Curiel, 681 F.2d at 1168)). Although the second plea agreement was harsher than the first, the Government's decision had not changed the range of possible sentences. The Government had "merely refused to reoffer...as lenient a bargain as was previously rejected." Id. The second, harsher plea agreement had not moved the statutory goal posts, but reflected a changed assessment of what the Government was willing to agree to.

14

Berberena suggests that our Court of Appeals has a less restrictive view of when the presumption of vindictiveness applies.  Paramo applied the presumption to a prosecutor's decision to refuse to file a substantial assistance motion.  998 F.2d at 1219-20.  Berberena contends that a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) is sufficiently similar to a substantial assistance motion to apply the presumption: both such a motion and an agreement decrease the applicable sentence and the court accepts both at its discretion.

But Paramo is consistent with the rule that the presumption of vindictiveness does not apply unless the prosecutor moves the statutory goal posts.  A substantial assistance motion permits the district court to impose a sentence below the statutory minimum or the Sentencing Guideline range, whether mandatory or advisory.  When the Government chooses not to file such a motion, it subjects the defendant to a higher range of sentences by raising the floor (rather than raising the ceiling as is the case of re-indictment for a more severe offense) or raising the post-Gall starting point[4] of an 18 U.S.C.

---

[4] Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596 (2007) (emphasizing that the Guidelines, advisory though they now are, remain "the starting point and initial benchmark" for sentencing in federal criminal cases).

§ 3553(a) Booker-mandated calculus.  By contrast, the Government's failure to re-offer a plea agreement does not affect the statutory range of the possible sentences if the charges do not change.  Thus, the decision not to offer a plea agreement with as lenient terms as once offered does not change the severity of the possible punishment a defendant faces.

The presumption of vindictiveness does not apply to Beberena's particular case because the Government did not increase the severity of his possible sentence when it declined to re-offer the plea agreement.[5]  Since Berberena does not proffer any proof of actual vindictiveness, we shall dismiss the remainder of his motion.

BY THE COURT:

\s\Stewart Dalzell

---

[5] In his motion, Berberena presented a bare bones argument citing only the Supreme Court's vindictiveness jurisprudence.  The Government responded to this jurisprudence and presented its argument about the increased severity requirement for vindictive prosecution.  Berberena did not raise Paramo -- or its requirement that the Government offer a legitimate motivation for its decisions -- until he filed his reply.  The Government did not respond directly to Paramo and so did not proffer a legitimate, objective reason for not re-offering the plea agreement. Thus, we are not in a position to analyze the legitimacy and objectivity of the Government's reasons.
  But our determination that the presumption applies neither to this general context nor to Berberena's specific case nevertheless disposes of the motion.

17